UNITED STATES OF AMERICA
DISPATCH DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Mr. Richard Chard and ) <br> Ms. Gabrielle Knoll, both individually ) <br> and on behalf of their minor child, ) <br> "JOHN DOE," ) <br>     *Plaintiffs*, ) <br> ) <br> vs. ) <br> ) <br> Nell Soper, ) <br>     *Defendant.* ) | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PARTIES

1. The Plaintiff, Richard Chard, is an individual residing at 3223 Salvestrin Lane, Flagstaff, Arizona.

2. The Plaintiff, Gabrielle L. Knoll, is an individual residing at 3223 Salvestrin Lane, Flagstaff, Arizona.

3. The Plaintiff, "JOHN DOE" is the alias for a minor. JOHN DOE is the biological child of Richard Chard and Gabrielle Knoll.

4. The Defendant, Nell Soper, is an individual residing at 58 Third Street, Unit 1, Newport, Rhode Island. Ms. Soper also conducts business at the address located at 17 Bowens Wharf, Newport, Rhode Island.

JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim because the Plaintiffs assert their right(s) to

file a private cause of action under 42 U.S.C. 3601, et. seq., (a/k/a "THE FAIR HOUSING ACT") because the Defendant discriminated against the Plaintiffs, retaliated against the Plaintiffs, and/or intentionally and knowingly attempted to deny/interfere with the Plaintiffs' rights under the Fair Housing Act.

6. Venue is appropriate in this Court because all incidents giving rise to the cause of action occurred in Newport, Rhode Island.

## FACTS

7. The Defendant owns a single-family residential home located at 65 Tilden Avenue in Newport, Rhode Island ("the property").

8. At all times relevant to this Complaint, the Plaintiffs resided at the property as lawful tenants of the Defendant, pursuant to terms established in a written lease agreement.

9. According to the lease agreement, the terms of the tenancy started in April of 2018 and would end at the end of July/August of 2019.

10. The Plaintiffs complied with all obligations under the terms of the lease agreement.

11. Shortly after taking up residence at the property, the Plaintiffs noted several safety concerns, including but not limited to mold.

12. The Plaintiffs notified the Defendant of the safety conditions (including mold) both verbally and in writing.  The Defendant suggested that the Plaintiffs should find a new place to live.

13. In response, the Plaintiffs asked the Defendant if she would refund their security deposit in order to help cover the cost and expense of moving.  The Defendant refused.

14. JOHN DOE, who was three years old at the time, quickly developed a severe respiratory illness called allergen-induced asthma after taking up residence at the Tilden Avenue property.  The illness prevented the child from breathing properly and substantially interfered with activities of daily living, including but not limited to preventing him from attending childcare and/or other recreational activities, preventing him from sleeping, interfering with his ability to engage in physical activities, and requiring multiple doctor's visits for treatment and intervention.

15. JOHN DOE was treated by a Board-Certified pulmonologist at Boston Children's Hospital in Massachusetts.  The pulmonologist indicated that the respiratory illness was likely, or at least potentially, caused by mold in the home and, more specifically, advised the parents that any heating/air conditioning ducts should be cleaned thoroughly.

16. Immediately, and several months prior to the scheduled expiration of the lease, the Plaintiffs sent written and verbal notice to the Defendant of JOHN DOE'S illness and requested that the Defendant arrange for the proper cleaning to be done to the HVAC ductwork in the home.

17. The Defendant did not reply.  Instead, the Defendant instructed her real estate agent to inform the Plaintiffs that the home would be shown to prospective buyers.

18. The real estate agent informed the Plaintiffs that the home was for sale and that the home would be available for occupancy prior to the expiration of the Plaintiffs' agreed upon lease.

19. The Plaintiffs responded by sending yet another written request to the Defendant,

    requesting that the landlord arrange for proper cleaning of the HVAC ductwork and removal of the mold.  In that request, they notified the Defendant again that the child was experiencing serious respiratory illnesses caused by the mold.

20. The Defendant responded through her counsel by terminating the lease and the tenancy, demanding that the Plaintiffs vacate the premises within thirty (30) days.

21. To vacate the premises, find a new home, and move their belongings on such short notice, the Plaintiffs incurred substantial financial damages.  Notably, the child's respiratory illness and related symptoms improved almost immediately after vacating the property.

## CLAIMS

### COUNT I – Violation of 42 U.S.C. 3601, et. seq., (a/k/a "THE FAIR HOUSING ACT")

22. The Plaintiffs restate and reaver all prior paragraphs by reference as if stated fully herein.

23. The Plaintiffs are in a protected class and entitled to protection under the Fair Housing Act ("the Act") by virtue of JOHN DOE's disabling physical condition.

24. The Defendant did discriminate against the Plaintiffs because of that condition, retaliated against the Plaintiffs when they attempted to assert their rights under the Act, and did intentionally and knowingly interfere with and/or attempt to deprive the Plaintiffs of their rights under the Act.

25. As a result, the Plaintiffs have suffered and continue to suffer damages.

26. The Plaintiffs filed state-law claims with the Rhode Island Commission for Human Rights,

4

as required, and have exhausted all administrative remedies, including prevailing with a finding of probable cause for discrimination under the FHPA and RIPDA.

### COUNT II – Violation of the Rhode Island Fair Housing Practices Act

27. The Plaintiffs restate and reaver all prior paragraphs by reference as if stated fully herein.

28. The Plaintiffs are in a protected class and entitled to protection under the statute

29. (R.I. Gen. Laws Title 34, Chapter 37 of the General Laws of Rhode Island) by virtue of JOHN DOE's disabling physical condition.

30. The Defendant did discriminate against the Plaintiffs because of that condition, retaliated against the Plaintiffs when they attempted to assert their rights under the statute, and did intentionally and knowingly interfere with and/or attempt to deprive the Plaintiffs of their rights under the statute.

### COUNT III – Violation of the Rhode Island Civil Rights of People With Disabilities Act

31. The Plaintiffs restate and reaver all prior paragraphs by reference as if stated fully herein.

32. The Plaintiffs are in a protected class and entitled to protection under the statute (R.I. Gen. Laws Chapter 42, Section 87) by virtue of JOHN DOE's disabling physical condition.

33. The Defendant did discriminate against the Plaintiffs because of that condition, retaliated against the Plaintiffs when they attempted to assert their rights under the statute, and did intentionally and knowingly interfere with and/or attempt to deprive the Plaintiffs of their rights under the statute.

<u>COUNT IV – Negligence</u>

34. The Plaintiffs restate and reaver all prior paragraphs by reference as if stated fully herein.

35. The Defendant owed a duty to the Plaintiffs to act as a reasonable landlord.  Such duties include, but are not limited to, exercising reasonable care and skill in inspecting the property, maintaining the property in a reasonably safe condition, and reasonably responding to complaints and/or notices of unsafe or dangerous conditions on the property.

36. The Defendant breached that duty, and directly and proximately caused one or more of the Plaintiffs to suffer significant physical injuries.

<u>COUNT V – Breach of Contract</u>

37. The Plaintiffs restate and reaver all prior paragraphs by reference as if stated fully herein.

38. The Plaintiffs and the Defendant entered into a written Lease Agreement, whereby all parties assumed certain duties, obligations, and rights.

39. The Defendant breached that contract, and as a result, the Plaintiffs have suffered and continue to suffer harm.

<u>PRAYER FOR RELIEF</u>

Wherefore, your Plaintiffs pray that this Honorable Court:

1. Enter judgment in their favor on all counts;

2. Award monetary damages for financial losses, personal injuries, pain and suffering, emotional distress, mental anguish, punitive damages, and attorney's fees; and

3. Enter an injunction requiring the Defendant to comply with state and federal laws protecting the safety and dignity of disabled people.

*Plaintiffs demand a trial by jury on all claims so triable.*

Respectfully submitted,
Plaintiffs,
By their Attorneys,

**/s/ John T. Martin**
John T. Martin (Motion for admission, *pro hac vice*, to be filed after case assignment)
BBO # 676344
KJC Law Firm, LLC.
10 Tremont Street
6th Floor
Boston, MA 02108
(617) 720-8447
jmartin@kjclawfirm.com

**/s/ Kevin P. Braga**
Kevin Braga (local counsel)
RI Bar # 8285
The Law Office of Kevin P. Braga
2095 Elmwood Avenue, Suite B
Warwick, RI 02888
kevin@kpbragalaw.com